**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**IN RE: AGI SURETRACK, LLC,**
**CONTRACT LITIGATION**  MDL No. 3135


**ORDER DENYING TRANSFER**

   **Before the Panel**:*  Defendants OPISystems, Inc. (OPI), Integris USA, LLC, Seth Tackett, and Adam Weiss move under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Missouri.  This litigation consists of two actions pending in the District of Kansas and the Western District of Missouri, as listed on Schedule A.  AGI SureTrack, LLC (AGI), the plaintiff in both actions, opposes the motion.

   On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation.  The two actions on this motion are brought by AGI, a company that markets a cloud-based system known as BinManager, which consists of temperature, moisture, and other sensors placed on cables in grain bins and used by farmers to monitor storage conditions for their crops.  AGI generally alleges that OPI, one of AGI's primary competitors, unlawfully obtained AGI trade secrets relating to BinManager through, *inter alia*, hiring former AGI employees or retaining a former distributor, who then allegedly violated the confidentiality, non-competition, and/or non-solicitation provisions of their employment or distribution contracts.  Movants argue that the two actions involve generally similar conduct and claims, and that some witnesses will be deposed in both actions.

   "[W]here only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization." *In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010).  This litigation involves only two actions, which are pending in adjacent districts.  Indeed, until recently, both actions were before judges located in the same metropolitan area (Kansas City).  There is no indication that additional related actions will be filed.  While there are general similarities between the claims in these two actions, each action involves unique claims brought against different defendants.  For instance, the Missouri action involves claims against a former AGI distributor and a marketing firm created by former AGI employees, while the Kansas action is brought against OPI and OPI's chief technology officer (who is AGI's former chief operating officer).  To be sure, there will be some factual overlaps between these actions, but the contract and tort claims in these actions are not particularly complex, and we are confident the parties and the courts can coordinate their efforts to avoid

---

* Judge Matthew F. Kennelly did not participate in the decision of this matter.

- 2 -

significant duplication. A large share of the discovery likely will be defendant-specific, as the particulars of each incident of alleged misappropriation of trade secrets or solicitation of customers will vary. While movants state that substantial discovery remains to be completed in these actions, we note that discovery has been underway for over a year and is scheduled to close relatively soon—by July 2025.

Defendants have not met their "heavier burden" of demonstrating that centralization of this relatively small and straightforward business dispute is necessary. Movants contend that alternatives to centralization, such as voluntary coordination between the involved courts and parties, are not feasible. They argue that AGI has resisted efforts to coordinate discovery and has engaged in obstructive behavior (such as refusing to copy all defense counsel on communications related to discovery). We, of course, do not countenance such behavior. But given the significant overlap in counsel in these actions—AGI is represented by the same counsel in both actions, while movants' counsel represents at least some defendants in both actions—defendants should raise any concerns about the progress of discovery and AGI's willingness to coordinate (or lack thereof) with the two courts overseeing these actions.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton          David C. Norton
Roger T. Benitez             Dale A. Kimball
Madeline Cox Arleo

**IN RE: AGI SURETRACK, LLC,**
**CONTRACT LITIGATION**  MDL No. 3135

## SCHEDULE A

<u>District of Kansas</u>

AGI SURETRACK, LLC v. TACKETT, ET AL., C.A. No. 2:23−02372

<u>Western District of Missouri</u>

AGI SURETRACK, LLC v. INTELLIFARMS NORTHERN DIVISION, C.A. No. 4:23−00578